IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TYLER A. FLOOD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 1:14-CV-00898 |
| | § | |
| THE LAW OFFICES OF | § | |
| MARK HULL, P.C. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Tyler A. Flood ("Plaintiff") files this Original Complaint against Defendant The Law Offices of Mark Hull, P.C. ("Defendant"), and alleges as follows:

## INTRODUCTION

1.  This is an action at law and in equity under federal and state laws for trademark infringement, false designation of origin, unfair competition, injury to business reputation and dilution, cyberpiracy and unjust enrichment brought by Plaintiff against Defendant, over the use by Defendant of a nearly identical mark to Plaintiff's federally registered trademark DONOTBLOW.COM®, in association with similar and competing products and services.

## PARTIES

2.  Plaintiff Tyler A. Flood is an individual residing in the city of Houston, Harris County, Texas.

3.  On information and belief, Defendant The Law Offices of Mark Hull, P.C., is a Texas Professional Corporation, having a principal place of business located at 106 East 6th Street, Suite 900, Austin, Texas 78701. Defendant may be served with process by serving its registered agent, Mark Hull, at 4721 Twin Valley Dr., Austin, Texas 78731.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under the jurisdictional provisions of Title 28 of the United States Code, 28 U.S.C. §§ 1331, 1338, and 1367.

5. The Court has jurisdiction over Defendant as it has conducted or does conduct business in Austin, Texas, directly, and/or as it has engaged in internet advertising and promotion in a manner sufficient for Plaintiff to bring the complaint in this forum. Accordingly, Defendant is subject to personal jurisdiction in this district and venue is proper in this district under 28 U.S.C. § 1391.

**CONDITIONS PRECEDENT**

6. All conditions precedent have been performed or have occurred.

**FACTUAL BACKGROUND**

7. Plaintiff is an attorney admitted to practice law in the State of Texas since 2001 and certified by the Texas Board of Legal Specialization in criminal defense.

8. Plaintiff has provided his legal services under the trademark "DONOTBLOW.COM" (the "Subject Mark") for use in association with providing legal consultation services and legal services to clients in the State of Texas and interstate commerce since as early as March 18, 2006.

9. Plaintiff's owns the Internet domain <www.DONOTBLOW.com> ("Domain Name"), which redirects to his website located at <www.TylerFlood.com> ("Website"). Plaintiff registered this Domain Name on or about March 18, 2006, and has continually used the Domain Name to actively promote his services and direct clients and potential clients to his Website.

10. Through continuous and exclusive use and promotion of the Subject Mark since as early as 2006, Plaintiff has expanded his business across the State of Texas, including the greater Houston and Austin areas, and has developed valuable goodwill and common law rights in the Subject Mark in connection with his services, particularly with respect to criminal defense services for intoxication offenses. Representative copies of some of these promotional materials are attached as <u>Exhibit A</u>.

11. As a result of such extensive use and promotion by Plaintiff, the Subject Mark has acquired a favorable reputation to consumers as a source identifier and symbol of Plaintiff, his services, and his significant goodwill.

12. The Subject Mark has been continuously used by Plaintiff in the State of Texas and has never been abandoned.

13. The Subject Mark is inherently distinctive, as it neither serves as a name for the services themselves nor describes any quality, characteristic, or ingredient of the products or services.

14. Plaintiff also owns U.S. Trademark Registration No. 4323908 for the Subject Mark, which was registered on the Principal Register in the United States Patent and Trademark Office on April 23, 2013, in association with: legal consultation services and legal services, in International Class 45. This registration is valid, subsisting and in full force and effect. A true and correct copy of the registration certificate is attached as <u>Exhibit B</u>.

15. The federal registration of the Subject Mark constitutes *prima facie* evidence of validity of the Subject Mark and conclusive evidence of Plaintiff's exclusive right to use the Subject Mark in connection with the services identified therein.

16. Plaintiff continues to invest substantial time, money, and other resources in developing, advertising, and otherwise promoting his services offered under the Subject Mark. As a result, consumers have come to rely on the Plaintiff's Subject Mark as a symbol of consistency, quality, and reliability.

17. Accordingly, Plaintiff is the owner of broad common law and federal trademark rights in the Subject Mark.

### Defendant's Infringing Activities

18. Upon information and belief, Defendant was formed in Texas in 2004 and is currently in the business of providing legal consultation services and legal services relating to criminal defense of intoxication offenses.

19. Despite the limitless amount of other non-confusing marks that Defendant could have chosen, Defendant recently adopted a mark nearly identical to Plaintiff's Subject Mark, namely "DONTBLOW.COM" (the "Defendant's Mark"), without Plaintiff's authorization.

20. Upon information and belief, Defendant intentionally adopted Defendant's Mark with the bad faith intent of trading on the goodwill of Plaintiff's established and successful Austin and Houston law practice relating to criminal defense of intoxication offenses.

21. Upon information and belief, Defendant purchased the domain name and published the website located at <www.DONTBLOW.com> ("Defendant's Website") in 2011.

22. Defendant adopted and continues to use the confusingly similar Defendant's Website with bad faith intent to profit from Plaintiff's Subject Mark. Specifically, Defendant has intentionally attempted to attract and divert, for commercial gain, Internet users away from Plaintiff's Website to Defendant's Website, by creating a likelihood of confusion with the Plaintiff's Subject Mark as to the source, sponsorship, affiliation, or endorsement of Defendant's

Website and Defendant's services. These actions were done by Defendant with knowledge that injury to Plaintiff was substantially certain to occur.

23. Plaintiff has no control over the nature and quality of the unauthorized Defendant's Website.

24. Defendant's services offered in association with their unauthorized use of the Defendant's Mark are offered to the same class of consumers and/or otherwise travel in the same channels of trade with Plaintiff's own services offered under the Subject Mark.

25. Defendant's deliberate and unauthorized use of a mark that is nearly identical to Plaintiff's Subject Mark, is likely to cause confusion, mistake or deception as to the source or origin of Defendant's products or services, and is likely to cause consumers to draw the false impression that Defendant's products or services are associated with, authorized, endorsed or sponsored by, or that Defendant is a sponsor of otherwise associated with, Plaintiff. Defendant's unauthorized use is also likely to dilute Plaintiff's trademark rights in its distinctive Subject Mark, injure Plaintiff's established business reputation, and unjustly enrich Defendant to the material detriment of Plaintiff.

26. Plaintiff has previously notified Defendant of Plaintiff's rights in the Subject Mark and demanded that Defendant cease their infringing activities complained of herein. Notwithstanding such notification, Defendant has refused to cease such infringing use.

27. Since their unauthorized adoption of Defendant's Mark, Defendant has aggressively used the Defendant's Mark in Texas and elsewhere in interstate commerce and promoted the Defendant's Mark through various national advertising and promotional materials. Representative copies of some of these materials are attached as Exhibit C.

28. Plaintiff notified Defendant of its prior rights in the Subject Mark as early as June of 2013, and again in October of 2013. In discussions following Plaintiff's October 2013 communication, Defendant intimated that Defendant's Website, which incorporates Defendant's Mark throughout, was no longer being actively used.

29. However, Defendant's Mark appeared again on the social media platforms Instagram and Facebook in June of 2014. Exhibit D.

30. Upon information and belief, Defendant's wrongful actions have been deliberate, willful and malicious, and undertaken in bad faith and with the intent of trading on the goodwill and reputation of Plaintiff and its distinctive Subject Mark, with full knowledge of and in conscious disregard of Plaintiff's rights in the Subject Mark.

31. Upon information and belief, Defendant's use of the Defendant's Mark has caused and is continuing to cause actual instances of confusion and mistake to the public.

32. As a consequence of Defendant's unlawful actions complained of herein, Plaintiff has been irreparably harmed and damaged to an extent not yet determined and will continue to be irreparably harmed and damaged by such acts in the future unless this Court enjoins Defendant from committing further unlawful actions. The injuries and damage sustained by Plaintiff have been directly and proximately caused by the Defendant's wrongful actions.

33. Plaintiff has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**

34. Plaintiff incorporates herein all statements and allegations contained in paragraphs 1 through 33 above.

35. Plaintiff's Subject Mark is inherently distinctive and has accumulated significant goodwill over the past eight years.

36.     Plaintiff's Federal Trademark Registration No. 4323908 for the Subject Mark is *prima facie* evidence under 15 U.S.C. § 1115 of the validity of the Subject Mark, of Plaintiff's ownership of the Subject Mark, and of Plaintiff's exclusive right to use the Subject Mark in commerce in connection with the goods and services cited therein.

37.     Defendant's unauthorized use of the Defendant's Mark in interstate commerce falsely indicates to consumers that Defendant's products or services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with Plaintiff's products or services.

38.     Defendant's unauthorized use of the Defendant's Mark in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendant with Plaintiff.

39.     Defendant's actions, as described above, constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

40.     As a consequence of the infringement complained of above, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116.

41.     Since the acts of infringement complained of above have been and continue to be intentional, willful, and in bad faith, this litigation constitutes an "exceptional case" under 15 U.S.C. § 1117(a) which permits the award of reasonable attorneys' fees by the Court.

42.     Plaintiff is entitled to recover its damages, Defendant's profits, the costs of suit, and reasonable attorneys' fees under 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
## CYBERPIRACY UNDER THE LANHAM ACT

43. Plaintiff incorporates herein all statements and allegations contained in paragraphs 1 through 42 above.

44. Plaintiff owns all rights, title, and interest in and to the Subject Mark, including all common law rights under the laws of the State of Texas.

45. Plaintiff's Subject Mark is inherently distinctive and has accumulated significant goodwill over the past eight years.

46. Plaintiff used the distinctive Subject Mark in the State of Texas and elsewhere in interstate commerce long before Defendant's bad faith registration and infringing use of the Defendant's Website.

47. Defendant has intentionally attempted to attract and divert, for commercial gain, Internet users away from Plaintiff's Website to Defendant's Website, by creating a likelihood of confusion with the Plaintiff's Subject Mark as to the source, sponsorship, affiliation, or endorsement of Defendant's Website and Defendant's services, and such actions were done with knowledge that injury to Plaintiff was substantially certain to occur.

48. With, as alleged herein, bad faith intent to profit from Plaintiff's Subject Mark, Defendant has registered and used the confusingly similar Defendant's Website in violation of 15 U.S.C. § 1125(d).

49. As a consequence of the unlawful conduct complained of above, Plaintiff has suffered or will continue to suffer irreparable harm. Unless enjoined, Defendant's acts as alleged herein will continue to cause Plaintiff irreparable harm, loss, and injury, for which Plaintiff has no adequate remedy at law.

50. As a consequence of the unlawful conduct complained of above, Plaintiff is entitled to recover its actual damages and Defendant's profits, or statutory damages in an amount up to $100,000, as provided under 15 U.S.C. § 1117(d).

### THIRD CLAIM FOR RELIEF
### UNFAIR COMPETITION UNDER THE LANHAM ACT

51. Plaintiff incorporates herein all statements and allegations contained in paragraphs 1 through 50 above.

52. Plaintiff's Subject Mark is inherently distinctive and has accumulated significant goodwill over the past eight years.

53. Defendant's unauthorized use of the Defendant's Mark in association with its services in interstate commerce constitutes the use of a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, in violation of 15 U.S.C. § 1125(a).

54. Unless enjoined, Defendant will continue its unfair activities, resulting in irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116.

55. Since the acts of infringement complained of above have been and continue to be intentional, willful, and in bad faith, this litigation constitutes an "exceptional case" under 15 U.S.C. § 1117(a) which permits the award of reasonable attorneys' fees by the Court.

56. Plaintiff is entitled to recover its damages, Defendant's profits, the costs of suit, and reasonable attorneys' fees under 15 U.S.C. § 1117(a).

## FOURTH CLAIM FOR RELIEF
## <u>TEXAS COMMON LAW TRADEMARK INFRINGEMENT</u>

57. Plaintiff incorporates herein all statements and allegations contained in paragraphs 1 through 56 above.

58. Plaintiff owns all rights, title, and interest in and to the Subject Mark, including all common law rights under the laws of the State of Texas.

59. Plaintiff's Subject Mark is inherently distinctive and has accumulated significant goodwill over the past eight years.

60. Plaintiff used the distinctive Subject Mark in the State of Texas and elsewhere in interstate commerce long before Defendant's adoption and infringing use of the Defendant's Mark.

61. Defendant's actions, as described above, constitute trademark infringement in violation of the common law of the State of Texas, for which Plaintiff is entitled to recover any and all remedies provided by such common law.

62. Furthermore, Defendant is realizing profit and will continue to realize a profit from its unlawful actions. Defendant's unlawful actions are causing and will continue to cause Plaintiff monetary damage in amounts to be determined at trial.

63. Unless enjoined, Defendant will continue its unfair activities, resulting in irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief.

64. In acting as alleged herein, Defendant has acted with oppression, fraud, and malice toward Plaintiff. Plaintiff is therefore entitled to an award of punitive damages.

## FIFTH CLAIM FOR RELIEF
## TEXAS COMMON LAW UNFAIR COMPETITION

65. Plaintiff incorporates herein all statements and allegations contained in paragraphs 1 through 64 above.

66. Plaintiff owns all rights, title, and interest in and to the Subject Mark, including all common law rights.

67. Plaintiff's Subject Mark is inherently distinctive and has accumulated significant goodwill over the past eight years. The Subject Mark symbolizes the valuable business reputation of Plaintiff for its services.

68. Plaintiff used the distinctive Subject Mark in the State of Texas and elsewhere in interstate commerce long before Defendant's adoption and infringing use of the Defendant's Mark.

69. Defendant's actions, as described above, allow Defendant to use and benefit from the goodwill and reputation earned by Plaintiff and to obtain a ready customer acceptance of Defendant's services, and therefore constitutes unfair competition, palming off, and/or misappropriation in violation of Texas common law, for which Plaintiff is entitled to recover any and all remedies provided by such common law.

70. Furthermore, Defendant is realizing profit and will continue to realize a profit from its unlawful actions. Defendant's unlawful actions are causing and will continue to cause Plaintiff monetary damage in amounts to be determined at trial.

71. Unless enjoined, Defendant will continue its unfair activities, resulting in irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief.

## SIXTH CLAIM FOR RELIEF
## TEXAS COMMON LAW DILUTION AND INJURY TO BUSINESS REPUTATION

72. Plaintiff incorporates herein all statements and allegations contained in paragraphs 1 through 71 above.

73. Plaintiff's Subject Mark is inherently distinctive and has accumulated significant goodwill over the past eight years.

74. Plaintiff has established a business reputation thought the use of the Subject Mark in Texas and in interstate commerce since as early as 2006. Plaintiff's Subject Mark is a strong and distinctive mark that has been in use for many years and has achieved enormous and widespread public recognition.

75. Plaintiff used the distinctive Subject Mark in the State of Texas and elsewhere in interstate commerce long before Defendant's adoption and infringing use of the Defendant's Mark.

76. Defendant's unauthorized use of the Defendant's Mark is likely to injure Plaintiff's business reputation through dilution of the Subject Mark, by blurring the distinctiveness of the Subject Mark and/or tarnishing the goodwill associated with the Subject Mark.

77. Defendant's actions, as alleged above, constitute injury to Plaintiff's business reputation and dilution of Plaintiff's Subject Mark under Tex. Bus. & Com. Code § 16.29.

78. Defendant's actions, as alleged above, are willful and wanton, or are in reckless disregard for the rights of Plaintiff in the Subject Mark.

79. Furthermore, Defendant is realizing profit and will continue to realize a profit from its unlawful actions. Defendant's unlawful actions are causing and will continue to cause Plaintiff monetary damage in amounts to be determined at trial.

80. Unless enjoined, Defendant will continue its actions, resulting in irreparable injury to Plaintiff, as well as harming the public, for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief.

### SEVENTH CLAIM FOR RELIEF
### TEXAS COMMON LAW UNJUST ENRICHMENT

81. Plaintiff incorporates herein all statements and allegations contained in paragraphs 1 through 80 above.

82. Plaintiff's Subject Mark is inherently distinctive and has accumulated significant goodwill over the past eight years.

83. By wrongfully misappropriating the goodwill Plaintiff has developed in its Subject Mark through deliberate copying of the Subject Mark, Defendant has been unjustly enriched to the material detriment of Plaintiff.

84. Furthermore, Defendant is realizing profit and will continue to realize a profit from its unlawful actions. Defendant's unlawful actions are causing and will continue to cause Plaintiff monetary damage in amounts to be determined at trial.

85. Unless enjoined, Defendant will continue its actions, resulting in irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief.

### ATTORNEY FEES

86. This is an exceptional case, and Plaintiff is entitled to an award of attorney fees under 15 U.S.C. §1117(a).

### JURY DEMAND

87. Plaintiff requests a trial by jury for all issues triable by jury.

## **PRAYER FOR RELIEF**

For these reasons, Plaintiff respectfully asks for judgment against Defendant for the following:

A. Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be preliminarily and permanently enjoined from the following:

   1. Using the Subject Mark, Defendant's Mark, or any other mark confusingly similar to the Subject Mark, in connection with the promotion, advertising, or offering of Defendant's services;

   2. Using the Subject Mark, Defendant's Mark, or any other mark confusingly similar to the Subject Mark, in connection with any Internet domain name, electronic mail address, or in connection with the promotion, advertising, or offering of Defendant's services via social media or any other Internet-based communication platform;

   3. Competing unfairly with Plaintiff in any manner, including unlawfully adopting or infringing on Plaintiff's Subject Mark or adopting or using any other marks or designations that are confusingly similar to Plaintiff's Subject Mark;

   4. Engaging in any other activity that will cause the distinctiveness of Plaintiff's Subject Mark to be diluted, and/or will cause injury to the Plaintiff's business reputation; and

   5. Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in any of the activities referred to in subparagraphs (1), (2), (3) and (4) above;

B. Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference the Subject Mark, Defendant's Mark, or any other mark confusingly similar to the Subject Mark, and all materials or articles used for making or reproducing the same, as provided by 15 U.S.C. § 1118;

C. Defendant transfer, at its own costs, the registration of the Internet domain name <www.DONTBLOW.com> to Plaintiff;

D. Defendant file with the Court and serve on Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath stating in detail the manner and form in which Defendant has complied with the provisions of subparagraphs (A), (B) and (C) above;

E. Plaintiff recover all damages it has sustained as a result of Defendant's infringement, unfair competition, dilution and injury to business reputation, unjust enrichment, or as a result of any other unlawful association of Defendant's products and services with those of Plaintiff;

F. Plaintiff recover all damages it has sustained as a result of Defendant's cyberpiracy, and to account for all gains, profits and advantages therefrom derived; or alternatively, Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(d) of up to $100,000;

G. Plaintiff be awarded treble damages under 15 U.S.C. § 1117(b);

H. An accounting be directed to determine Defendant's profits resulting from its infringement and unfair competition and that the profits be paid over to Plaintiff, increased as the Court determines is appropriate to the circumstances of this case;

I. Plaintiff be awarded punitive and exemplary damages against Defendant, according to proof;

J. The Court declare this case an exceptional case and award Plaintiff its reasonable and necessary attorneys' fees for prosecuting this suit under 15 U.S.C. § 1117(a);

K. Plaintiff recover its costs of this suit and pre-judgment and post-judgment interest; and

L. Plaintiff have all other relief the Court deems appropriate.

Dated: September 26, 2014

Respectfully submitted,

Kennedy Little & Burns PLLC

By: _____
Neal A. Kennedy
Texas Bar No. 11295100
Kennedy Little & Burns PLLC
100 Avenue H, Suite 103
Mable Falls, Texas 78654
Phone: (830) 798-8311
Fax: (830) 693-4455
Email: neal@klblawfirm.com

        Craft Chu PLLC
        Andrew W. Chu
        Texas Bar No. 24005449
        L. Jeremy Craft
        Texas Bar No. 24031981
        1445 N. Loop W., Suite 410
        Houston, Texas 77008
        Phone: (713) 802-9144
        Fax: (866) 707-7596
        Email: achu@craftchu.com

        ATTORNEYS FOR PLAINTIFF
        TYLER A. FLOOD